UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH A. ARDOIN, JR. | CIVIL ACTION |
| VERSUS | NUMBER: |
| ANCO INSULATIONS, INC., DSM COPOLYMER, INC., THE ETHYL CORPORATION, EXXON MOBIL CORPORATION, OWENS-ILLINOIS, INC., UNIROYAL, INC., EAGLE, INC., THE MCCARTY CORPORATION, COMMERCIAL UNION INS. CO., NATIONAL UNION FIRE INS. CO. OF PITTSBURG, PA, LEXINGTON INSURANCE COMPANY, ROYAL INDEMNITY COMPANY, TRAVELERS INDEMNITY COMPANY, NEWARK INS. CO., WESTCHESTER FIRE INS. CO., ZURICH INS. CO., LIBERTY MUTUAL INS. CO., BITUMINOUS INS. CO., TRAVELERS INS. CO., RILEY POWER, INC., UNION CARBIDE CORP., GENERAL REFACTORIES CO., ZURN INDUSTRIES, LLC, AQUA-CHEM, INC., CRANE CO., INGERSOLL-RAND COMPANY, DANA CORPORATION, CEERTAINTEED CORPORATION, GABLER INSULATIONS, INC., SEVILLE, INC., TURNER INDUSTRIES GROUP, LLC, SHELL OIL COMPANY, SHELL CHEMICAL, LP, GEORGIA-PACIFIC, LLC, ENTERGY GULF STATES LOUISIANA, LLC, BASF CORPORATION, FORT JAMES CORPORATION, GEORGIA PACIFIC CONSUMER PRODUCTS, LP, MONOCHEM, INC., THE TEXAS COMPANY, UNIROYAL, INC. | JUDGE:<br><br>MAGISTRATE JUDGE: |

## NOTICE OF REMOVAL

1.

Defendant, DSM Copolymer, Inc. ("DSM"), hereby removes this civil action from the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. §§1441, 1442(a) and 1446.

2.

Plaintiff's Petition for Damages ("the Petition"), which names DSM as a defendant in the matter entitled "*Joseph A. Ardoin, Jr. v. Anco Insulations, Inc., et al*," was filed in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana, on February 11, 2010. A copy of the Petition is attached, *in globo*, as Exhibit "A" along with true and correct copies of all process, pleadings and orders served upon DSM, as required by 28 U.S.C. §1446(a).

3.

DSM was served with the Petition through its agent for service of process on March 3, 2010. This notice of removal has been filed within thirty (30) days after receipt by DSM, through service of a copy of a pleading, motion, order or other paper from which it may first be ascertained that the cause is one which is or has become removable, as allowed by 28 U.S.C. §1446(b). DSM is not required to notify and obtain the consent of any other defendant in this action in order to remove the action as a whole under §1442(a). Ely Valley Mine, Inc. v. Hartford Acc. And Indem. Co., 644 F.2d 1310, 1315 (9th Cir. 1981); Fowler v. Southern Bell Tel. & Tel. Co., 343 F.2d 150 (5th Cir. 1965); Allmann v. Hanley, 302 F.2d 559 (5th Cir. 1962).

4.

Removal is proper under 28 U.S.C. §1442(a). See, this Court's August 5, 1998 Ruling in LaLonde v. Delta Field Erection, et al., Civil Action No. 96-3244-B-M3, attached hereto as Exhibit "B"; and this Court's June 14, 2002 "Magistrate Judge's Report" and the District Judge's "Ruling and Order" dated July 18, 2002, affirming the

Magistrate Judge's Ruling in Barbara Catania, et al v. ACands, Inc., Civil Action No. 02-368-D-1, attached hereto as Exhibit "C." This suit involves a controversy concerning acts undertaken by a federal officer or someone acting under him, and involves a property holder whose title is derived from such United States officers. Plaintiff asserts claims arising out of alleged exposure to asbestos-containing products while working at DSM's premises during periods when the plant was owned by the United States government, but operated by DSM under the authority and direction of federal officers acting in their official capacities to direct the construction and operation of the plant, as well as during periods of ownership by DSM, but under continuing governmental control.

Federal officer removal jurisdiction is set forth in 28 U.S.C. §1442, pertinent provisions of which are:

§1442. Federal Officer Sued or Prosecuted

(a) a civil action . . . commenced in a state court against any of the following persons may be removed by them to the District Court of The United States for the district and division embracing the place wherein it is pending:

(1) any officer of The United States or any agency thereof, or person acting under him, for any act under color of such office . . .

(2) a property holder whose title is derived from any such officer . . ..

5.

Plaintiff alleges that he "recently" discovered he has an asbestos-related lung cancer. See Plaintiff's petition, paragraphs 14 and 15.

3

6.

DSM is sued for negligence and/or and premises liability. (Plaintiffs' Petition, paragraphs 44-45).

7.

Plaintiff specifically alleges exposure at DSM facilities. Exhibit A to the petition sets forth plaintiff's work history occurring during the following periods of time.

| 1/1/1950 – 1/1/1954 | 1/1/1964 – 1/1/1965 |
| 1/1/1953 – 1/1/1953 | 1/1/1967 – 1/1/1969 |
| 1/1/1960 – 1/1/1964 | 1/1/1970 – 1/1/1974 |

8.

During a significant part of the alleged period of exposure, DSM operated under the control and supervision of federal officers of the United States acting under color of such office.

9.

The DSM facility was constructed and acquired in October and November of 1942 by agents of the United States government as part of the World War II effort to establish synthetic rubber production. The design and construction of the plant was accomplished under the auspices of the Defense Plant Corporation, an instrumentality of the United States Government created on August 22, 1940 under Section 5(d) of the Reconstruction Finance Corporation Act (Public Law 2, 72nd Congress, 47 Stat. 5) by the Reconstruction Finance Corporation, itself an instrumentality of the United States Government created on January 22, 1932 under the same act.

officer oversight for a ten-year period following the purchase, and which gave the government the unconditional right to possession and use of the plant during that ten-year period. Thus, DSM continued under the authority and control of an officer of the United States Government until 1965, which encompasses the majority of the time period during which plaintiff alleges that she was exposed to asbestos-containing products at DSM's facility.

13.

DSM may raise and rely on the government contractor defense as set forth by the United States Supreme Court in Boyle v. United Technologies Corporation, 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed. 2d 442 (1988) and Yearsley v. W.A. Ross Construction Co., 309 U.S. 19, 60 S.Ct. 413, 84 L.Ed. 554 (1940). DSM also intends to raise and rely on other defenses and immunities available under the Defense Protection Act of 1950, 50 U.S.C. §2061, et seq., and its statutory predecessor, e.g., the Second War Powers Act, Ch. 199 Stat. 176 (1942), and any other federal act relating to the design, construction, and operation, and/or maintenance of DSM's premises.

14.

DSM has met the requirements of removal and qualities as a person acting under the authority of a federal officer as set forth in 28 U.S.C. §§1442 and 1442(a)(1) and/or a property holder whose title is derived from such officer as set forth in 28 U.S.C. §1442(a)(2).

15.

1821957_1.DOC

6

Case 3:10-cv-00164-JVP-DLD   Document 1   03/09/10   Page 5 of 7

Contemporaneously with the filing of this Notice of Removal in this Court, DSM will promptly give written notice to all adverse parties by mail, return receipt requested, and will file a copy of this notice of removal with the Clerk of Court, in East Baton Rouge Parish, Louisiana.

16.

Plaintiff's Petition amply discloses the required nexus between the claimed injuries and the operation of DSM's facility which allegedly utilized asbestos-containing materials. The facility was built by an agency of the United States government. For many of the years that plaintiff was allegedly exposed to asbestos-containing products, the DSM facility was operated by DSM under the control and supervision of an officer of the United States Government. Further, DSM derived its title to the premises from the United States Government.

THEREFORE, DSM removes this action to the United States District Court for the Middle District of Louisiana.

Respectfully submitted:

/s/ David K. Nelson
David K. Nelson (#17075) T.A.
Gregory M. Anding (#23622)
Allison N. Benoit (#29087)
KEAN, MILLER, HAWTHORNE, D'ARMOND,
McCOWAN & JARMAN, L.L.P.
Post Office Box 3513
Baton Rouge, LA 70821
Telephone: (225) 387-0999
david.nelson@keanmiller.com
***Attorneys for DSM Copolymer, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on ___Mar 9___, 2010, a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system. I certify that I have mailed by United States Postal Service this filing to:

J. Burton LeBlanc, IV
Christopher C. Colley
Jo Ann Lea
Jason K. Placke
Baron & Budd, PC
9015 Bluebonnet Blvd.
Baton Rouge, LA 70810

Respectfully Submitted:

/s/ David K. Nelson
David K. Nelson, #17075, T.A.
KEAN, MILLER, HAWTHORNE, D'ARMOND,
McCOWAN & JARMAN, L.L.P.
One American Place, 22nd Floor
P. O. Box 3513
Baton Rouge, LA 70821
Telephone: (225) 387-0999
allison.benoit@keanmiller.com
**Attorneys for DSM Copolymer, Inc.**